JACKSON LEWIS SCHNITLZER & KRUPMAN
60 Washington Street
Morristown, New Jersey 07960
(973) 538-6890
John M. Nolan (JN 9794)
Carla D. Macaluso (CM 4213)
ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINE HAWK,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICOLD LOGISTICS,<br><br>        Defendant. | Civil Action No.: _____<br><br>**NOTICE AND PETITION OF REMOVAL OF A CIVIL ACTION** |

TO: Michael E. Kunz, Clerk of Court
   U.S. District Court for the
   Eastern District of Pennsylvania
   Independence Mall West
   601 Market Street
   Philadelphia, PA 19106-1797

   Donald P. Russo, Esq.
   Attorney at Law
   60 West Broad Street, Suite 300
   Bethlehem, PA 18016-1890

   Defendant, Americold Logistics, LLC[1] ("Americold"), pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1367, 1441 and 1446 respectfully submits this notice and petition for removal of a case from the Court of Common Pleas for Northampton County, Pennsylvania, and as grounds for this removal alleges as follows:

   1. On or about March 1, 2001, a praecipe for writ of summons was filed by Plaintiff Christine Hawk ("Plaintiff") in the Court of Common Pleas for Northampton County,

---
[1] Improperly plead as Americold Logistics.

Pennsylvania (hereinafter, the "State Action"). The State Action has been assigned Docket No. C-48-CV-2001-01486. Plaintiff's praecipe for writ of summons did not inform Americold to a substantial degree of specificity as to whether all the elements of federal jurisdiction were present. Specifically, Plaintiff's praecipe for writ of summons did not state whether a federal question was at issue or, for purposes of diversity jurisdiction, did not state whether the amount in controversy was in excess of $75,000.00. Therefore, Plaintiff's praecipe for writ of summons did not provide adequate notice of federal jurisdiction to trigger the thirty day time period set forth in 28 U.S.C. §1446(b). See Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993). (Attached as Exhibit A is a true and accurate copy of Plaintiff's praecipe for writ of summons served on Americold.)

        2.    Plaintiff first served the complaint in this action on Americold's counsel on May 1, 2002, via regular mail. The complaint was the first document filed with the Court which provided Americold with adequate notice that federal jurisdiction was present. (Attached as Exhibit B is a true and accurate copy of the cover letter dated May 1, 2002 and the summons and complaint served on Americold's counsel.) Given that this was the first receipt by Americold, through service or otherwise, of a pleading providing Americold with adequate notice that federal jurisdiction was present, this notice and petition is timely filed within the provision of 28 U.S.C. §1446 as it is filed within thirty (30) days after Americold first received notice that removal was proper.

        3.    Americold has not served an answer or responsive pleading to Plaintiff's complaint in the Northampton County Court of Common Pleas, Pennsylvania.

        4.    Plaintiff's State Action is removable to this Court pursuant to 28 U.S.C. § 1331, 1343, 1367 and 1441, as Plaintiff asserts claims arising under the laws of the United States. Specifically, Plaintiff alleges she was subjected to sex discrimination in violation of 42

U.S.C. §2000e.

5. Plaintiff also seeks relief under the Pennsylvania Human Relations Act, 43 P.S. §995 and 962 as well as asserting claims for defamation and intentional infliction of emotional distress.

6. This Court has jurisdiction over the state law claims in Plaintiff's complaint since they are derived from the same allegations as the federal claims and from the same case or controversy as the federal claims. This Court, therefore, has supplemental jurisdiction over those state claims pursuant to 28 U.S.C. §1367(a).

7. This matter also involves a controversy between citizens of different states.

8. As set forth below, this Court has original jurisdiction of the above-captioned action pursuant to 28 U.S.C. §1332.

    a. Americold is a corporation of the State of Delaware with its principal place of business in the State of Georgia.

    b. Plaintiff is a resident of the Commonwealth of Pennsylvania. (See Exhibit B at ¶1).

    c. The amount in controversy while not specifically enumerated in the complaint, appears to contemplate an amount exceeding $75,000 inasmuch as Plaintiff is seeking past and future wages, as well as compensatory and punitive damages, against Americold.

9. Because there is complete diversity between the parties and an amount in controversy in excess of $75,000, this action is one in which the District Court of the United States is given original jurisdiction pursuant to 28 U.S.C. §1441(b).

10. Venue is proper in this Court.

11. Americold submits this notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief can be granted.

12. Pursuant to 28 U.S.C. §1446, Americold has effected removal within thirty (30) days of receipt by it of a pleading from which it could first be ascertained that this action is removable.

13. Contemporaneously herewith, Americold is filing with the Prothonotary of the Northampton County Court of Common Pleas, Pennsylvania, a copy of this notice and petition as well as a notice of filing the petition for removal. A copy has also been mailed to Plaintiff's counsel.

WHEREFORE, Americold hereby gives notice that the State Action, previously pending in the Northampton County Court of Common Pleas, Pennsylvania, has been removed from that Court to this Court.

    Respectfully submitted,

JACKSON LEWIS SCHNITZLER & KRUPMAN
60 Washington Street
Morristown, NJ 07960-6844
(973) 538-6890

By: _____
David B. Lichtenberg (PA I.D. #80703)
John M. Nolan*
Carla D. Macaluso*

ATTORNEYS FOR DEFENDANT
AMERICOLD LOGISTICS, LLC

Dated: May 30, 2002
*Motion to appear *pro hac vice* to be filed.

Berkebile\43336 pleading 002-nor.doc