JACKSON LEWIS SCHNITLZER & KRUPMAN
60 Washington Street
Morristown, New Jersey 07960
(973) 538-6890
John M. Nolan (JN 9794)
Carla D. Macaluso (CM 4213)
ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINE HAWK,<br><br>        Plaintiff,<br><br>     v.<br><br>AMERICOLD LOGISTICS,<br><br>        Defendant. | Civil Action No.: 02-3528<br><br>**ANSWER AND DEFENSES** |

Defendant Americold Logistics, LLC[1] ("Americold" or "Defendant"), by and through its attorneys, Jackson Lewis Schnitzler & Krupman, for its answer to the complaint, states as follows:

**COMPLAINT**

1.    Defendant admits that Christine Hawk is an adult and Americold's records reflect that she resides at 275A Wolf Street, Bath, Northampton County, Pennsylvania, 18014.

2.    Defendant admits that Americold is a limited liability corporation with operations located at 2600 Brodhead Road, Bethlehem, Pennsylvania 18020.

3.    This paragraph is a statement of factual and legal contentions to which no response is required.

---

[1] Improperly plead as Americold Logistics.

4. Defendant admits that Plaintiff worked for a temporary staffing agency and was assigned, through the temporary staffing agency, to work on a project at Americold in June 1999.

5. Defendant admits it hired Plaintiff in December 1999.

6. Defendant admits that in June 1999 when Plaintiff was on assignment at Defendant through a temporary staffing agency one of the supervisors of the project was Jack Bambary.

7. Defendant denies the allegations contained in this paragraph.

8. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in this paragraph and leaves Plaintiff to her proofs. To the extent a more specific response is required, Defendant denies the allegations contained in this paragraph.

9. Defendant denies the allegations contained in this paragraph.

10. Defendant denies the allegations contained in this paragraph.

11. Defendant denies the allegations contained in this paragraph.

12. Defendant denies the allegations contained in this paragraph.

13. Defendant admits that the first time Plaintiff reported any of her allegations was on March 3, 2000. Defendant denies the remaining allegations contained in this paragraph.

14. Defendant admits Plaintiff and her mother came in for a meeting at Defendant on March 6, 2002. Further, upon learning of the allegations, Defendant immediately investigated and instituted prompt remedial action. Defendant denies the remaining allegations contained in this paragraph.

15. Defendant admits Plaintiff provided a brief written statement of her allegations to Defendant on March 6, 2002.

16. Defendant denies the allegations contained in this paragraph.

17. Defendant denies the allegations contained in this paragraph.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint and leaves Plaintiff to her proofs. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

19. Defendant admits Plaintiff's counsel forwarded a letter dated March 8, 2002 to Defendant regarding Plaintiff's allegations. Defendant denies the remaining allegations in this paragraph.

20. Defendant admits the allegations contained in this paragraph and avers that Mr. Bambary was assigned to a different shift and did not have contact with Plaintiff after she notified Defendant of her allegations on March 3, 2000.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. Defendant denies the allegations contained in this paragraph.

24. Defendant denies the allegations contained in this paragraph.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant admits it received a March 20, 2000 letter from Plaintiff voluntarily resigning her employment. Defendant denies the remaining allegations contained in this paragraph.

27. Defendant denies the allegations contained in this paragraph.

28. Defendant admits that it terminated Mr. Bambary on March 27, 2000.

29. The allegation contained in this paragraph of the complaint is a statement of factual and legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph.

30. The allegation contained in this paragraph of the complaint is a statement of factual and legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph.

31. Defendant denies the allegations contained in this paragraph.

32. Defendant denies the allegations contained in this paragraph.

33. Defendant denies the allegations contained in this paragraph.

34. Defendant neither admits or denies the allegations contained in this paragraph as it is a statement of factual contentions to which no response is required.

35. Defendant denies the allegations contained in this paragraph.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. Defendant admits the Equal Employment Opportunity Commission issued a finding of probable cause on March 8, 2002.

38. Defendant admits the allegations contained in this paragraph.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I

## SEX DISCRIMINATION, TITLE VII, CIVIL RIGHTS ACT, 42 U.S.C. SECTION 2000e

40. Defendant repeats all of its responses to the foregoing paragraphs as if fully set forth herein.

41. Defendant denies the allegations contained in this paragraph.

42. Defendant denies the allegations contained in this paragraph.

43. Defendant denies the allegations contained in this paragraph.

44. To the extent Plaintiff alleges she was subjected to sexual harassment, the allegations are denied. The remaining allegations contained in the paragraph are statements of factual and legal contentions to which no response is required and Plaintiff is left to her proofs.

45. Defendant denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant specifically denies Plaintiff is entitled to any relief she seeks, including:

(a) An injunction;

(b) Reinstatement;

(c) Compensation and reimbursement of benefits, training, promotions and seniority;

(d) Any and all damages, including, emotional distress damages;

(e) Punitive damages;

(f) Interest;

(g) Costs of suit and attorney fees; and

(h) Any other legal or equitable relief.

## COUNT II

### PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§995 AND 962, DISCRIMINATORY DISCHARGE OF EMPLOYMENT CLAIM

46. Defendant repeats all of its responses to the foregoing paragraphs as if fully set forth herein.

47. The allegations contained in this paragraph are statements of legal contentions to which no response is required.

48. Defendant denies the allegations contained in this paragraph.

49. Defendant denies the allegations contained in this paragraph.

50. Defendant denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant specifically denies Plaintiff is entitled to any relief she seeks, including:

(a) Actual and consequential damages as well as interest;

(b) Compensatory damages;

(c) Punitive Damages;

(d) Costs of suit and attorney fees; and

(e) A jury trial.

## COUNT III

## **DEFAMATION**

51. Defendant repeats all of its responses to the foregoing paragraphs as if fully set forth herein.

52. Defendant admits that the first time Plaintiff reported any of her allegations was on March 3, 2000. Defendant denies the remaining allegations contained in this paragraph of the complaint.

53. Defendant admits Plaintiff and her mother came in for a meeting on March 6, 2002. Further, upon learning of the allegations, Defendant immediately investigated and instituted prompt remedial action. Defendant denies the remaining allegations contained in this paragraph.

54. Defendant admits Plaintiff provided a brief written statement of her allegations to Defendant on March 6, 2002.

55. Defendant denies the allegations contained in this paragraph.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57. Defendant denies the allegations contained in this paragraph.

58. Defendant denies the allegations contained in this paragraph.

59. Defendant denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant specifically denies Plaintiff is entitled to any relief she seeks, including any and all damages, interest, attorney fees or costs of suit.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Defendant repeats all of its responses to the foregoing paragraphs as if fully set forth herein.

61. Defendant denies the allegations contained in this paragraph.

62. Defendant denies the allegations contained in this paragraph.

63. Defendant denies the allegations contained in this paragraph.

64. Defendant denies the allegations contained in this paragraph.

65. Defendant denies the allegations contained in this paragraph.

66. Defendant denies the allegations contained in this paragraph.

67. Defendant denies the allegations contained in this paragraph.

68. Defendant denies the allegations contained in this paragraph.

69. Defendant denies the allegations contained in this paragraph.

**WHEREFORE**, Americold specifically denies Plaintiff is entitled to any relief she seeks, including any and all damages, interest, attorney fees or costs of suit.

### DEFENSES

### AS AND FOR A FIRST DEFENSE

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

2. Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE**

3. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies.

**AS AND FOR A FOURTH DEFENSE**

4. Plaintiff knowingly terminated her employment with Defendant by tendering her resignation.

**AS AND FOR A FIFTH DEFENSE**

5. Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

**AS AND FOR A SIXTH DEFENSE**

6. At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**AS AND FOR A SEVENTH DEFENSE**

7. Plaintiff's complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's gender.

**AS AND FOR AN EIGHTH DEFENSE**

8. Each and every action taken by Defendant with respect to Plaintiff was based upon reasonable factors other than her gender.

**AS AND FOR A NINTH DEFENSE**

9. Each and every action taken by Defendant with respect to Plaintiff was

justified by business necessity.

**AS AND FOR A TENTH DEFENSE**

10. Plaintiff's claims against Defendant are barred for the reasons that Defendant was not her "employer" under applicable federal and/or state law at all times relevant to this matter.

**AS AND FOR AN ELEVENTH DEFENSE**

11. Defendant did not know, or have reason to know, of the alleged sexual harassment.

**AS AND FOR A TWELVTH DEFENSE**

12. Defendant took immediate action to prevent and remedy any alleged sexual harassment.

**AS AND FOR A THIRTEENTH DEFENSE**

13. Plaintiff's claims are barred because the complained of conduct was neither offensive or unwelcome, and/or Plaintiff participated in such conduct.

**AS AND FOR A FOURTHEENTH DEFENSE**

14. Plaintiff's claim for sexual harassment is barred and/or any recovery of damages is precluded because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

**AS AND FOR A FIFTEENTH DEFENSE**

15. Plaintiff's claim for sexual harassment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities or to avoid harm otherwise.

**AND FOR A SIXTEENTH DEFENSE**

16.     Any and all statements made by Defendant named herein with respect to Plaintiff were privileged.

**AS AND FOR A SEVENTEENTH DEFENSE**

17.     Any and all statements made by Defendant named herein with respect to Plaintiff were true.

**AS AND FOR AN EIGHTEENTH DEFENSE**

18.     Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

**AS AND FOR A NINTEENTH DEFENSE**

19.     Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of Pennsylvania's workers' compensation statute.

**AS AND FOR A TWENTYTH DEFENSE**

20.     Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's complaint.

**AS AND FOR A TWENTY-FIRST DEFENSE**

21.     Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a.      Dismiss the complaint in its entirety;

   b.  Deny each and every demand, claim, and prayer for relief contained in the complaint;

   c.  Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and,

   d.  Grant such other and further relief as the Court may deem just and proper.

         Respectfully submitted,

         JACKSON LEWIS SCHNITZLER & KRUPMAN
          60 Washington Street
          Morristown, NJ  07960-6844
          (973) 538-6890

         By: _____
          David B. Lichtenberg (PA I.D. #80703)
          John M. Nolan*
          Carla D. Macaluso*

Dated: June 5, 2002
* Motion to appear *pro hac vice* to be filed.

43336 PLEADING 006-ANS.DOC