JACKSON LEWIS LLP
60 Washington Street
Morristown, New Jersey 07960
(973) 538-6890
John M. Nolan (JN 9794)
Carla D. Macaluso (CM 4213)
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE HAWK,<br><br>     Plaintiff,<br><br>  v.<br><br>AMERICOLD LOGISTICS,<br><br>     Defendant. | Civil Action No.: 02-3528<br><br>**JOINT DISCOVERY PLAN** |

Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| | |
|---|---|
| **Donald P. Russo, Esq.**<br>**117 East Broad Street**<br>**Bethlehem, PA 18018**<br>**(610) 954-8093**<br>**(610) 954-8097 (fax)** | **John M. Nolan, Esq.**<br>**Carla D. Macaluso, Esq.**<br>**Jackson Lewis LLP**<br>**60 Washington Street**<br>**Morristown, NJ 07960**<br>**(973) 538-6890**<br>**(973) 540-9015 (fax)** |

1. (a) Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

> **Plaintiff alleges Defendant discriminated against her in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA") because of her gender. Plaintiff also asserts she was subjected to hostile work environment sexual harassment. Additionally, Plaintiff also asserts claims for defamation and the intentional infliction of emotional distress. Defendant denies Plaintiff's claims in their entirety and asserts the alleged discrimination and harassment never occurred, and if it did, Plaintiff's allegations fail to rise to the level of severity and pervasiveness required to establish a hostile work**

        **environment. Further, Defendant asserts Plaintiff failed to promptly report the allegedly harassing behavior to an appropriate member of management. Defendant also asserts it commenced an investigation and instituted prompt remedial action. Defendant asserts that all actions taken with respect to Plaintiff's employment were motivated by legitimate business reasons not related to Plaintiff's gender. Finally, Defendant asserts Plaintiff failed to exhaust her administrative remedies and also asserts her claims are barred by the statute of limitations.**

2.     Legal Issues in Case

        (1)     **Whether Plaintiff was discriminated against on the basis of her gender in violation of Title VII.**

        (2)     **Whether Plaintiff was discriminated against on the basis of her gender in violation of PHRA.**

        (3)     **Whether Defendant subjected Plaintiff to a hostile work environment pursuant to Title VII.**

        (4)     **Whether Defendant subjected Plaintiff to a hostile work environment pursuant to PHRA.**

        (5)     **Whether Plaintiff promptly reported the allegations of harassment.**

        (6)     **Whether Defendant immediately investigated and instituted prompt remedial action.**

        (7)     **Whether Defendant defamed Plaintiff.**

        (8)     **Whether Defendant subjected Plaintiff to the intentional infliction of emotional distress.**

        (9)     **The amount of Plaintiff's damages.**

3.     Has this action been: Settled: **NO**   Discontinued: **NO**

        If so, has there been a Stipulation/Dismissal filed?

        Yes_____    No_____

4.     Have settlement discussions taken place?   Yes **X**    No_____

If so, when?  **Prior to following a lawsuit.**

    a.    What was Plaintiff's last demand?

        (1)    Monetary demand:    **$ 75,000.00**

        (2)    Non-monetary demand:    **N/A**

    (b)    What was Defendant's last offer?

        (1)    Monetary offer:    **$1,000.00 Defendant also offered to reinstate Plaintiff following her voluntarily resignation.**

        (2)    Non-monetary offer:    **N/A**

5.    The parties [have ___ - have not **X** ] exchanged the information required.

    Fed. R. Civ. P. 26(a).  If not, state the reason therefore.

**The parties will exchange initial disclosures within two weeks of the scheduling conference.**

6.    Explain any problems in connection with completing the disclosures

    required by Fed. R. Civ. P. 26(a).

7.    The parties [have ___ - have not **X** ] conducted discovery other than the

    above disclosures.  If so, describe.

8.    The parties [have **X** - have not ___] met pursuant to Fed. R. Civ. P.

    26(f):

    (a)    If not, state the reason therefor.

    (b)    If so, state the date of the meeting

    and the persons in attendance.

**Counsel for the parties have conducted the required meeting via a number of telephone calls in July 2002.**

9. The following [is **X** - is not __] a proposed joint discovery plan.

    (a) Discovery is needed on the following subjects:

        **(1) Plaintiff's gender discrimination claims;**

        **(2) Plaintiff's sexual harassment claims;**

        **(3) Plaintiff's defamation claim;**

        **(4) Plaintiff's intentional infliction of emotional distress claims;**

        **(5) Plaintiff's damages;**

        **(6) Other potential causes of Plaintiff's damages; and**

        **(7) Defendant's defenses to Plaintiff's claims.**

    (b) Discovery [should ___- should not _X_ ] be conducted in phases or be limited to particular issues. Explain.

    (c) Maximum of **25** Interrogatories by each party to each other party.

    (d) Maximum of **10** depositions to be taken by each party.

    (e) Plaintiff's expert report due on **December 16, 2002**.

    (f) Defendant's expert report due on **February 14, 2003**.

    (g) Motions to amend or to add parties to be filed by **July 15, 2002**.

    (h) Dispositive motions to be served within **60** days of completion of discovery. **Dispositive motions to be determined by Court in advance of final Pretrial Order.**

    (i) Factual discovery to be completed by **January 15, 2003**.

    (j) Expert discovery to be completed by **February 28, 2003**.

   (k)  Set forth any special discovery mechanism or procedure requested.

   (l)  A pretrial conference may take place on **to be determined by the Court following the resolution of any dispositive motion.**

10. Do you anticipate any discovery problem(s)? Yes___ No **X**

  If so, explain.

11. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions. Problems with out-of-state witnesses or documents, etc.)? Yes **X** No __

  If so, explain.

   **There may be out of state witnesses.**

12. Is this case appropriate for bifurcation? Yes __ No **X**

13. An interim status settlement conference (with clients in attendance), should be held on **to be determined by the Court.**

14. We [do ___ - do not **X** ] consent to this trial being conducted by a Magistrate Judge.


By: _____  By: _____
  Donald P. Russo           John M. Nolan*
  117 East Broad Street         Carla D. Macaluso*
  Bethlehem, PA 18018        Jackson Lewis LLP
                    60 Washington Street
                    Morristown, NJ 07960


Dated: August 21, 2002
*Admitted *pro hac vice*
43336 PLEADING 015-JDP.DOC